UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH CARTER ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01843 |
| ) | |
| v. ) | |
| ) | |
| COMMUNITY SERVICE OPTIONS, INC., ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Judith Carter ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Community Service Options, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of her disability and Defendant's failure to accommodate.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and failure to accommodate discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Community Service Option, Inc is a corporation doing business in and for Cook County whose address is 6845 S. Western Avenue, Suite 100 Chicago, IL 60636-3117.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant on or around November 7, 2022 until she constructively discharged after Defendant failed to accommodate her disability leaving her no

2

other choice but to constructively discharged.

12. Plaintiff is "qualified individual" as defined under the ADA

13. Plaintiff suffers from Myelopathy, which is a nervous system disorder.

14. Additionally, Plaintiff has vertigo due to the Myelopathy, four herniated dish in her neck and other back related issue due to the Myelopathy.

15. The conditions limits how long Plaintiff can sit and stand at one time.

16. Therefore, reasonable accommodations are needed for Plaintiff to perform her job.

17. During my interview on November 5, 2022, Plaintiff disclosed to all of her Supervisors of her disability, and Plaintiff was told it would not be a problem

18. Regardless of my disability, Plaintiff was qualified to perform the essential functions of my job, with reasonable accommodation.

19. On or about November 16, 2022, Plaintiff asked her Director Wanda Sumler, for a standing desk and an ergonomic chair, which was a reasonable accommodation.

20. On or about December 7, 2022, Plaintiff followed up with Manager Davine Maddox regarding her request for accommodations.

21. Plaintiff's accommodation requests continued to be ignored.

22. As a result, it became increasingly difficult to work, so Plaintiff asked to be able to work remotely at least on a hybrid schedule to reduce the complications of working in-person regarding her disability.

23. Everyone in the office was working fully remote, but Plaintiff was told she had to work at the office during her probationary period even though ADA requirements start at the hiring process.

24. Nonetheless, Plaintiff requested accommodations continued to be ignored.

25. Defendant effectively denied my request for reasonable accommodation and therefore did not engage with me in an interactive process to determine the appropriate accommodation as required by the ADA.

26. Nonetheless, Defendant failed to accommodate Plaintiff's disability.

27. As a result, Defendant made the terms and conditions of employment so intolerable Plaintiff was left no other choice but to be constructively discharged.

28. Plaintiff suffered an adverse employment on the basis of her disability.

## COUNT I
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

29. Plaintiff repeats and re-alleges paragraphs 1- 27 as if fully stated herein.

30. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

31. Plaintiff is a qualified individual with a disability.

32. Defendant was aware of the disability and the need for accommodations.

33. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

34. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

35. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to her disability.

36. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As

a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT II
### Violations of the Americans with Disabilities Act
### (Disability Discrimination)

37. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

39. Defendant made the terms and conditions of employment so intolerable Plaintiff was left no other choice but to be constructively discharged.

40. Plaintiff suffered an adverse employment on the basis of her disability.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

42. Plaintiff is a member of a protected class under the ADA, due to her disability.

43. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

44. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of

life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 24th day of March, 2023.

                                  /s/ *Nathan C. Volheim*
                                  **NATHAN C. VOLHEIM, ESQ.**
                                  IL Bar No.: 6302103
                                  **SULAIMAN LAW GROUP LTD.**
                                  2500 S. Highland Avenue, Suite 200
                                  Lombard, Illinois 60148
                                  Phone (630) 568-3056
                                  Fax (630) 575 - 8188
                                  nvolheim@sulaimanlaw.com
                                  *Attorney for Plaintiff*

                                  /s/ *Chad W. Eisenback*
                                  **CHAD W. EISENBACK, ESQ.**
                                  IL Bar No.: 6340657

**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*